UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                      DECISION AND ORDER

                                                                      03-CV-6024L

                v.

LAWRENCE L. HESSELBARTH II, KAREN
H. HESSELBARTH, GREENWOOD TRUST CO.,
ASSOCIATES CREDIT CARD SERVICES,

                                Defendants.
_____

       The United States commenced this mortgage foreclosure action on January 15, 2003, against mortgagors Lawrence L. Hesselbarth II and Karen H. Hesselbarth, owners of the subject premises at 110 Sun Valley Drive, Horseheads, New York. Defendants Greenwood Trust Co. ("Greenwood") and Associates Credit Card Services ("Associates") entered appearances in the action (Dkts. 7,9).

       Thereafter, this Court entered a Judgment of Foreclosure and Sale on August 5, 2004 and directed the United States Marshal to sell the premises to the highest bidder. The sale was held on or about September 22, 2004, and the property was struck off and sold to Scot E. Butler and Shannon R. Butler for $70,000, that being the highest sum bid at the sale.

       Since the debt due the United States, as mortgagee, was less than $70,000, a surplus of $12,170.49 was deposited with the Clerk for later distribution.

No action was taken by any defendant or claimant to recover the surplus monies for over a year and, therefore, the United States commenced this surplus money proceeding on December 21, 2005. The notice of motion, returnable January 27, 2006, requested an order from the Court directing the Clerk as to how the surplus funds should be distributed. The certificate of service, attached to the motion, shows that both that Greenwood and Associates received notice of this proceeding. In addition, notice was sent to two other entities, Affiliated Creditors Bureau, Inc. ("Affiliated") and Charter One Auto Finance ("Charter One"), who were not named as defendants in the action but who were identified by the United States, after an updated title search, as potential creditors who may have filed liens against the mortgaged premises after the lis pendens was filed and before the foreclosure sale. Prior to the motion return date, Affiliated and Charter One both filed notices of claim to the surplus monies. (Dkts. 22 and 24). Affiliated seeks satisfaction of a judgment recorded against the mortgagors on June 17, 2003, in the sum of $6,403.42. Charter One seeks to satisfy its judgment, recorded on November 5, 2003, against the mortgagors in the sum of $12,426.34.

In my view, only Affiliated and Charter One are entitled to recover from the surplus monies deposited with the Clerk, once plaintiff's attorney's fees in the sum of $890 have been paid to counsel for the United States for prosecuting this surplus money proceeding. The claimants, Affiliated and Charter One have properly filed claims and documented their entitlement to participate in the surplus money proceeding. Defendants Greenwood and Associates have taken no action to establish their present entitlement to any surplus money. Although both Greenwood and Associates did appear in the action, they have taken no steps to advise this Court of any claim to the

surplus monies.  Although it may be true that a defendant in a mortgage foreclosure proceeding need not file a separate claim, that entity must still establish its entitlement to recover by providing sufficient evidence of the debt and its priority over other claims.  *See Franklin Credit Management Corp. v. Pearlman,* 16 A.D.3d 617 (2nd Dept. 2005)*; Federal Home Loan Mortg. Corp. v. Grant,* 224 A.D.2d 656 (2nd Dept. 1996).

By the Government's motion in this case, of which both Greenwood and Associates were notified, they were advised of the pendency of this proceeding and the specific return date on the motion of January 27, 2006.  Gerald N. Murphy, Esq., attorney for the United States, in his affidavit in support of the surplus money proceeding, specifically referenced defendants Greenwood and Associates, but noted, at ¶ 11, that no claim for surplus monies was filed and that there was no evidence that those entities were still owed monies from the mortgagors.  Both the notice of motion and the Murphy affidavit were sufficient to put Greenwood and Associates on notice that if they intended to participate in the distribution of the surplus monies, they needed take some action to establish the existence of any debt and its priority.  No such action was taken and, therefore, they have defaulted from participation in the distribution.

CONCLUSION

The Clerk of the District Court is directed to distribute the surplus monies deposited in connection with this mortgage foreclosure proceeding as follows:

1. To the law firm Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C., attorney for the United States, the sum of $890;

2.  To Affiliated Creditors Bureau, Inc., Attention: Garry M. Bolnick, Esq., Kleinman, Saltzman & Bolnick, P.C., 151 North Main Street, P.O. Box 947, New City, New York 10956, the sum of $6,403.42;

3.  To Charter One Auto Finance, Attention: Mary M. Connors, Esq., Harris Beach PLLC, The Granite Building, 130 East Main Street, Rochester, New York 14604, the balance of the monies on deposit which should be approximately $4,877.07.

IT IS FURTHER ORDERED that all other claims to the surplus monies are hereby extinguished.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 24, 2006.